## WARWICK V. STATE.

SABBATH BREAKING: *Keeping saloon open. Indictment.*
An indictment for keeping a dram-shop open on Sunday need not allege that it was kept open with a criminal intent. The intent is presumed from keeping the house open; and proof of justification or excuse must come from the defendant.

APPEAL from *Garland* Circuit Court.
Hon. J. B. WOOD, Judge.

*E. W. Rector*, for appellant.

Contends that it is not an offense in this state to keep open a door on Sunday, used in common by a saloon and restaurant during the week as an entrance to both places, but on Sunday for the purpose of a restaurant only. This case does not fall within the rule in *Seelig v. State, 43 Ark., 96*.

There was no evidence that liquor was sold or given away, nor that appellant had any interest in the saloon at the time the offense was alleged to have been committed. It was *necessary* to keep open the door in order to admit persons to the restaurant, as there was no other entrance.

*Dan W. Jones*, Attorney-General, for appellant.

The evidence is sufficient to support the verdict. The instruction of the court was correct. *Marre v. State, 36 Ark., 222*.

BATTLE, J. The appellant, J. A. Warwick, was indicted for, and convicted of, the crime of Sabbath breaking, committed by keeping a dram-shop open on Sunday.

Warwick v. State.

SABBATH BREAKING: Keeping saloon open.    In the trial of the case one witness testified that appellant was the proprietor of a saloon in the city of Hot Springs; that some time in September, 1885, on Sunday, he saw appellant and other persons go into and out of a saloon through a door which was kept shut, but not locked. Another witness testified that on the same Sunday he passed through this door in going to a restaurant in the same building and in the rear of the saloon; that there was no way in going through this door to reach the restaurant except through the saloon; that the saloon and restaurant were separate rooms, but there was a door between them, which was kept open; that there was no other front or side entrance to the restaurant except the main front door, which was closed on that day, and that in passing through the saloon to the restaurant he saw men standing in the saloon, and a man walking behind the bar-counter.

The only question in the case is, was the evidence sufficient to convict?

In *Seelig v. State, 43 Ark., 96,* this court held that, "to commit the offense of Sabbath breaking by keeping a store open on Sunday, it is not necessary to keep it so opened as to induce customers to enter and trade; that it is sufficient if the door is partially open, or intentionally left unlocked, so that any person may enter as readily as if left open; that if it is opened to the knocking of a stranger and he is admitted or invited in, this is a keeping open within the prohibition of the statute."

INDICTMENT Intent.    In an indictment for keeping open a dram-shop on Sunday, it is not necessary to aver that it was kept open with criminal intent. The keeping it open on that day is the gist of the offense. When the fact of keeping the dram-shop open on Sunday is established, the law presumes a criminal intent, and proof of justification or excuse must come from the defendant. " The nature and tendency of the

act prohibited furnish ample reason why the legislature did not expressly require the intent to be expressed in the indictment," and proved as constituting a material part of the "offense." "The act of keeping open a grocery on Sunday," as said by this court in *Shaver v. State, 10 Ark., 263*, "is not in itself, innocent or even indifferent; but it is, on the contrary, highly vicious and demoralizing in its tendency, as it amounts to a general invitation to the community to enter and indulge in the intoxicating cup, thereby shocking their sense of propriety and common decency, and bringing into utter contempt the sacred and venerable institution of the Sabbath. It is not simply the act of keeping open a grocery, but the keeping it open on Sunday that forms the head and front of the offense;" and when it is alleged and proven to have been done on that day, the proof is sufficient to convict, unless justification or excuse for so doing be shown.

The evidence of guilt in this case is as strong as it was in *Murre v. State, 36 Ark., 322*. The only evidence of guilt in that case was, the defendant was seen standing at the front door of his saloon in the city of Little Rock, with an apron on, while at the same time parties were seen in the back room of the saloon playing billiards, the front door being open. This court held that this evidence was sufficient to sustain the verdict of guilty in that case, and that the explanation of defendant's conduct to the effect that he had his saloon open for the purpose of airing it, was not sufficient.

The evidence in this case is sufficient to sustain the verdict of the jury. The fact that a restaurant was in the rear of his saloon was no excuse or justification for appellant keeping his saloon open on Sunday.

The judgment of the court below must be affirmed.